UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT INGERSOLL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF DEL REY OAKS, et al.,<br><br>　　　　Defendants. | Case No.19-cv-01164-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 5 |

Before the Court is defendants City of Del Rey Oaks and City Manager Dino Pick's[1] motion to dismiss plaintiff Robert Ingersoll's complaint alleging a federal *Monell* claim for violation of due process and a claim for breach of the covenant of good faith and fair dealing. *See* Dkt. No. 5. The Court finds that Ingersoll does not allege sufficient facts to support his *Monell* claim. Likewise, the Court finds that Ingersoll fails to allege that he presented Del Rey Oaks with a written claim for breach of contract prior to initiating litigation, as required under Cal. Gov't Code § 905. Accordingly, the Court GRANTS Defendants' motion to dismiss with leave to amend.

---

[1] Erroneously sued as Daniel Pick.

## I. Background

### A. Allegations in the Complaint

In early November 2004, the City of Del Rey Oaks first hired Ingersoll as a reserve police officer. Dkt. No. 1–1 ("Compl.") ¶ 7. Del Rey Oaks then hired Ingersoll as a regular, full-time police officer in late September 2013, and promoted him to Police Sergeant in November 2016. *Id.* ¶¶ 8, 9. In early April 2017, Del Rey Oaks placed Ingersoll on paid, administrative leave pending an administrative investigation. *Id.* ¶ 10. In October of the same year, Del Rey Oaks notified Ingersoll of a pending investigation into allegations of workplace misconduct. *Id.* ¶ 11. Agents interviewed Ingersoll on behalf of Del Rey Oaks in December 2017. *Id.* ¶ 12.

On February 12, 2018, Del Rey Oaks Chief of Police J. Hoyne sent a letter to Del Rey Oaks City Manager Dino Pick recommending disciplinary action against Ingersoll. *Id.* ¶ 13. Pick sent a letter to Ingersoll the next day detailing the allegations against him and notifying him of Pick's intention to terminate his employment. *Id.* ¶ 14. According to Ingersoll, the allegations in the letter were both vague and pre-textual in nature, as well as outside the statute of limitations. *Id.* ¶¶ 15–16; *but see* Dkt. No. 5, Ex. A.[2] Ingersoll further alleges: (1) that a city councilperson made the decision to remove him because of his perceived loyalty to Hoyne's predecessor; and (2) that "Del Rey Oaks has initiated and maintained a policy and practice of denying mandatory due process protections to its employees." *Id.* ¶¶ 16, 21. Following a *Skelly* hearing on February 23, 2018, Del Rey Oaks terminated Ingersoll's employment. *Id.* ¶ 17.

Ingersoll contends that he substantially performed his job duties throughout his employment and that Defendants failed "to act fairly and in good faith." *Id.* ¶¶ 25–27.

---

[2] Defendants' motion to dismiss attaches five exhibits. Exhibit A is a memorandum from Hoyne to Pick recommending Ingersoll's dismissal. *See* Dkt. No. 15, Ex. A. Exhibit B is an administrative complaint sent to Ingersoll notifying him of Pick's intent to terminate his employment and reminding Pick of his right to respond. *See id.*, Ex. B. These two exhibits are explicitly referenced in Pick's Complaint. *See* Compl. ¶¶ 13, 14. Because Pick does not contest the authenticity of these exhibits and his complaint "necessarily relies" on these exhibits, the Court will consider them in its Order. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

2

**B. Procedural Background**

On January 22, 2019, Ingersoll filed his complaint with the Monterey County Superior Court, alleging: (1) a federal *Monell* claim for violation of due process pursuant to 42 U.S.C. § 1983; and (2) a state common law claim for breach of the covenant of good faith and fair dealing. *Id*. at 5. On March 1, 2019, Defendants removed the action to this Court pursuant to federal question jurisdiction. Dkt. No. 1.

Defendants moved to dismiss Ingersoll's complaint on March 8, 2019. Dkt. No. 5. Ingersoll filed an opposition on April 5, 2019. Defendants replied on April 12, 2019. *See* Dkt. Nos. 14, 15. The Court found the motion suitable for decision without oral argument. Dkt. No. 16. All parties have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 7, 13.

## II. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").

## III. Discussion

### A. Federal *Monell* Claim

Ingersoll's first claim alleges a federal *Monell* claim against both Defendants for violation of due process pursuant to 42 U.S.C. § 1983. Compl. ¶¶ 18–23. Defendants contend that this claim must be dismissed as to all Defendants. Dkt. No. 5 at 8. Specifically, Defendants argue that Ingersoll fails to allege sufficient facts to support his claim. *Id*. at 4. The Court agrees. The Court will also address the statute of limitations for investigations under Cal Gov't Code § 3304(d).

In a § 1983 action, a municipality is liable where the alleged action implements a municipal policy or custom in violation of constitutional rights. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 (1978). "Under *Monell*, municipalities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a final policymaker." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (quotations omitted). In the third situation, a municipality can be liable for a single act or decision so long as the person making the decision has "final policymaking authority." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999).

#### 1. Policy or Long-Standing Custom

Here, Ingersoll does not allege sufficient facts to support his claim that his injury resulted from an official policy or long-standing custom of Del Rey Oaks. Ingersoll alleges "[o]n information and belief, [that] Defendant City of Del Rey Oaks has initiated and maintained a policy and practice of denying mandatory due process protections to its employees subject to workplace discipline." *See* Compl. ¶ 21. But Ingersoll does not cite to any "policy statement, ordinance, regulation, or decision officially adopted or promulgated by" Del Rey Oaks in support of his claims. *Monell*, 436 U.S. at 690. Nor does Ingersoll allege facts supporting a "long-standing" custom. *See Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (requiring "that the relevant practice is so widespread as to have the force of law"). As Defendants highlight in their

4

motion to dismiss, Ingersoll's statements present only "conclusory legal assertion[s]." *See* Dkt. No. 5 at 9. Therefore, because Ingersoll fails to sufficiently allege a policy or custom warranting *Monell* liability, his claim cannot advance on either theory.

### 2. Final Policymaker

Del Rey Oaks could still be liable under *Monell* if Pick was a final policymaker. *See Ellins*, 710 F.3d at 1066. The question of who has authority as a final policymaker is a matter of state law for the court to decide. *Id.*; *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). Courts must "ask whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue." *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 785 (1997).

Cal. Gov't Code § 34851 allows municipalities to authorize city managers as final policy makers. *See Ellins*, 710 F.3d at 1066 ("California state law permits municipalities to enact regulations creating a 'city manager' form of governance"). Del Rey Oaks has enacted such regulations. *See* Del Rey Oaks Mun. Code § 2.08.10. Del Rey Oaks authorizes its city manager to "[c]ontrol, order and give directions to all heads of departments and to subordinate officers and employees of the city . . . ." *See* Del Rey Oaks Mun. Code § 2.08.070(B). In addition, Del Rey Oaks empowers the city manager to "[a]ppoint, remove, promote and demote each officer and employee of the city, excepting the city attorney . . . ." *See* Del Rey Oaks Mun. Code § 2.08.070(C). The court in *Ellins* examined essentially identical municipal regulations for the city of Sierra Madre and found that those regulations vested final policymaking authority in the municipality's city manager. *See Ellins*, 710 F.3d at 1066 (citing Sierra Madre Mun. Code §§ 2.08.70(B), (C)). Because the two codes are virtually identical, the Court finds that Pick was a final policymaker.

Even so, Ingersoll does not adequately state a claim for violation of due process because he provides only conclusory allegations. First, Ingersoll claims that "the allegations in the administrative complaint against [him] were so vague as to constitute a denial of due process." Compl. ¶ 15. Ingersoll does not provide any further details on the

5

vagueness of the administrative complaint even though his Complaint "necessarily relies" on the administrative complaint. *See Lee*, 250 F.3d at 688. Defendants provided the administrative complaint as an exhibit in their motion to dismiss. *See* Dkt. No. 5 Ex. B. As explained above, Ingersoll does not contest the exhibit's authenticity and referenced it in his Complaint, so the Court will consider it here. *See infra*, n.2.

The six-page administrative complaint first references three separate charges levied against Ingersoll relating to his false statements in connection with his employment application for the reserve police officer position. *See* Dkt. No. 5, Ex. B. Specifically, the administrative complaint describes a federal plea agreement from 1991 entered by Ingersoll over a misdemeanor count of violating an individual's civil rights. *See id.* at 1–2. Ingersoll apparently failed to disclose that plea on his employment application. *Id.* The administrative complaint then describes seven additional charges of misconduct as a police officer with Del Rey Oaks. *See id.* at 3–4. It then explains in detail Ingersoll's alleged use of racial epithets in numerous incidents as recent as December 15, 2017. *See id.* at 4–5. Thus, Ingersoll's claim of vagueness not only lacks specificity, but is also contradicted by the administrative complaint it references.

Second, Ingersoll acknowledges that his termination came after a *Skelly* hearing. *See id.* ¶ 17. Under California law, a *Skelly* hearing grants permanent employees the right to a hearing to dispute punitive actions taken by their employers. *Skelly v. State Pers. Bd.*, 15 Cal. 3d 194, 203 (1975) (holding that "[e]xcept in cases involving minor disciplinary matters, the employee has a right to an evidentiary hearing to challenge the action taken against him). By his own admission, Ingersoll states that he was terminated "[f]ollowing a *Skelly* hearing" as required for due process. *See id.*; *see also* Dkt. No. 5, Ex. B at 5–6 (notifying Ingersoll of his right to a hearing). Other than conclusory allegations that the hearing was "inadequate," Ingersoll does not sufficiently allege any facts explaining what inadequacies or due process violations were present in the *Skelly* hearing he received.

In short, Ingersoll does not allege sufficient facts to support his *Monell* claim.

### 3. Statute of Limitations

Ingersoll's complaint also misapplies the statute of limitations for completion of an administrative investigation under Cal. Gov't Code § 3304(d)(1). The statute states a public agency may not take "punitive action, nor [deny a] promotion on grounds other than merit [for] any . . . allegation of misconduct" unless it concludes an investigation into that misconduct "within one year of the public agency's *discovery* by a person authorized to initiate an investigation of the allegation of . . . misconduct." Cal. Gov't Code § 3304(d)(1) (emphasis added); *see also Pedro v. City of Los Angeles*, 229 Cal. App. 4th 87, 103 (2014) (holding that the "one-year period under [§ 3304(d)(1)] begins to run upon the discovery by a person authorized to initiate an investigation of an allegation of misconduct").

In his Complaint, Ingersoll states that "the allegations [against him] were alleged to have occurred at times well beyond the statute of limitations." *See* Compl. ¶ 15. He further alleges that "Defendant Pick was aware that the statute of limitation had expired on multiple allegations against Plaintiff." *See id.* ¶ 17. But the statutes of limitation for the misconduct underlying Pick's investigation are not relevant to § 3304(d)(1). Ingersoll's allegations misunderstand when the statute of limitations begins to accrue under § 3304(d)(1): "within one year of the public agency's discovery . . . of misconduct." Cal. Gov't Code § 3304(d)(1). As Ingersoll acknowledges in his Complaint, the investigation commenced on April 17, 2017, and concluded with Ingersoll's termination on March 1, 2018, a period of less than one year. Ingersoll does not allege that Pick or any other person "authorized to initiate an investigation" discovered the underlying misconduct prior to March 1, 2017. Indeed, at least one of the allegations levied against Ingersoll concerned false statements made in December 2017, well within § 3304's statute of limitations. Therefore, Ingersoll's allegations to this point are baseless. *See id.*

Accordingly, the Court GRANTS Defendants' motion to dismiss Ingersoll's *Monell* claim.

**B.     Breach of the Covenant of Good Faith and Fair Dealing**

Ingersoll next claims a breach of the covenant of good faith and fair dealing against Del Rey Oaks. *See* Compl. ¶¶ 24–29.

Cal. Gov't Code § 905 requires presentation of "all claims for money or damages against local public entities" prior to the start of litigation. Cal Gov't Code § 905; *see also City of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 734 (2007). Cal. Gov't Code § 910 specifies the information claims must include, such as the name and address of the claimant, a description of the circumstances and injury alleged, and the names of public employees allegedly involved. Cal. Gov't Code § 910. Contract claims fall under this requirement. *Stockton*, 42 Cal. 4th at 738 (finding that "[c]ontract claims fall within the plain meaning of the requirement that 'all claims for money or damages' be presented to a local public entity"). "It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim." *Id.* (quoting *State of Cal. v. Super. Ct. (Bodde)*, 32 Cal. 4th 1234, 1239 (2004)).

Ingersoll does not allege that he presented a written claim to Del Rey Oaks prior to commencing this litigation. *See* Compl. ¶¶ 24–29. In his opposition to Defendants' motion, Ingersoll contends that he presented "a timely claim and fairly described the course of the events leading to the alleged liability." *See* Dkt. No. 14 at 8. However, Ingersoll fails to make that allegation in his Complaint (*see generally*, Compl.) and, on a motion to dismiss, the Court's review is limited to the four corners of the operative complaint, judicially noticeable facts, and documents incorporated into the complaint by reference. *See Lee*, 250 F.3d at 688 (9th Cir. 2001).

Ingersoll's opposition also includes a declaration by his attorney stating that he presented a claim to Del Rey Oaks in June 2018. *See* Dkt. No. 14 ("Sarsfield Decl."). It also attaches a letter from Del Rey Oaks rejecting that claim. *See id.*, Ex. A. But the rejection letter is neither referenced in nor attached to his Complaint. *See generally*, Compl. In any case, even if the Court were inclined to consider the rejection letter, it does not explain what claims or information Ingersoll presented to Del Rey Oaks. Therefore,

8

Ingersoll's Complaint fails to allege that he presented a claim to Del Rey Oaks as required by § 905.

Because Ingersoll does not allege that he presented a claim to Del Rey Oaks as required by Cal. Gov't Code § 905, or any details of such a claim, the Court GRANTS the Defendants' motion to dismiss Ingersoll's claim for breach of the covenant of good faith and fair dealing. The Court grants leave to amend, as it appears there are additional facts that could be asserted.

**IV. Conclusion**

The Court GRANTS Defendants' motion to dismiss with leave to amend. Ingersoll's amended complaint, if any, must be filed by **June 14, 2019**. The amended complaint must cure the deficiencies notes in this order and may not add any claims or parties without leave of the Court.

**IT IS SO ORDERED.**

Dated: May 31, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge