UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT INGERSOLL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF DEL REY OAKS, et al.,<br><br>    Defendants. | Case No. 19-cv-01164-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

Defendants City of Del Rey Oaks and Dino Pick move to dismiss plaintiff Robert Ingersoll's first amended complaint alleging that Defendants violated his constitutional rights when they fired him from his position as a police officer. *See* Dkt. No. 24. Although Ingersoll's amendments cured some deficiencies in his original complaint, he still fails to state a claim. Accordingly, the Court GRANTS Defendants' motion to dismiss.

**I. Background**

    **A. Allegations in First Amended Complaint**

Ingersoll was employed as a police officer in Seaside, California until 1992, when he was convicted of a federal misdemeanor. *See* Dkt. No. 23 ("FAC") ¶¶ 10–11. Twelve years later, then-Chief of Police and acting city manager for Del Rey Oaks, Ron Langford, invited Ingersoll to apply to be a police officer with the Del Rey Oaks Police Department

knowing that Ingersoll had previously been convicted of a federal misdemeanor. *Id.* ¶¶ 12, 13. Ingersoll disclosed his misdemeanor conviction on his application materials and was ultimately hired as a reserve police officer. *Id.* ¶¶ 14, 16. In 2013, Langford promoted Ingersoll to a regular police officer. *Id.* ¶ 17. Three years later, Ingersoll was again promoted to the rank of Sergeant. *Id.* ¶ 18. Langford retired in 2017. *Id.* ¶¶ 19–20.

On April 12, 2017, Ingersoll was put on paid administrative leave pending an investigation by the acting Chief of Police. *Id.* ¶ 19. In October, Del Rey Oaks notified Ingersoll that it was investigating him for workplace misconduct. *Id.* ¶ 20. As part of that investigation, Del Rey Oaks interviewed Ingersoll in December. *Id.* ¶ 21. Langford was not interviewed as part of the investigation. *Id.* ¶ 22.

On February 12, 2018, the new Chief of Police, J. Hoyne, recommended that Del Rey Oaks fire Ingersoll as a result of the investigation. *Id.* ¶ 23. In particular, Hoyne recommended termination because Ingersoll (1) made false and misleading statements on his application materials; (2) made false and misleading statements during the investigation; and (3) used discriminatory language while on- and off-duty. *See* Dkt. No. 24-1.[1] The next day, Pick sent Ingersoll a letter notifying him that Del Rey Oaks intended to fire him. *Id.* ¶ 24; *see also* Dkt. No. 24-2.

Ingersoll was afforded an administrative hearing regarding his termination on February 23, 2018. *See* FAC ¶ 29. He was fired on March 1, 2018. *Id.* According to Ingersoll, his termination was demanded by an unnamed councilman who wanted to remove all city employees who were loyal to Langford. *Id.* ¶ 28.

**B. Procedural History**

On May 31, 2019, the Court granted Defendants' motion to dismiss Ingersoll's original complaint. *See* Dkt. No. 21. In that order, the Court noted that Ingersoll failed to

---

[1] Defendants request judicial notice of two exhibits: Hoyne's memorandum recommending Ingersoll's termination and the notice of Del Rey Oaks' intent to fire Ingersoll. *See* Dkt. No. 24-3. The Court previously took judicial notice of these exhibits. *See* Dkt. No. 21 at 2 n.2. Because Ingersoll's first amended complaint "necessarily relies" on these documents and he does not contest their authenticity, the Court again GRANTS Defendants' request for judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

1 allege sufficient facts to support his *Monell* claim under 42 U.S.C. § 1983 or his state-law breach of the covenant of good faith and fair dealing claim. *Id.* The Court granted leave to amend. *Id.*

Ingersoll amended his complaint on June 14, 2019. *See* Dkt. No. 23. Defendants now move to dismiss, and the motion is fully briefed. *See* Dkt. Nos. 24, 27, 28. All parties have consented to the jurisdiction of a magistrate judge. *See* Dkt. Nos. 7, 13.

## II. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").

## III. Discussion

### A. § 1983 Claim

In a § 1983 action, a municipality is liable where the alleged action implements a municipal policy or custom in violation of constitutional rights. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 (1978). "Under *Monell*, municipalities are

3

subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a final policymaker." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (quotations omitted).

In the Court's prior order, the Court held that Pick was a final policymaker for *Monell* purposes. *See* Dkt. No. 21 at 5. Thus, Ingersoll has stated a claim under *Monell* if there is an underlying constitutional violation. *See Monell*, 436 U.S. at 690. Ingersoll alleges two constitutional violations: due process under the Fifth and Fourteenth Amendments, and First Amendment retaliation. *See* FAC ¶ 32. The Court addresses each separately below.

### 1. Procedural Due Process

Ingersoll concedes that Defendants afforded him some process in the form of an administrative hearing but alleges that the process was not meaningful and violated his due process rights. *See id.* ¶ 29. In particular, Ingersoll alleges that the charges levied against him were unduly vague and the administrative statute of limitations had expired on those charges. *See id.* ¶ 25. As recounted above, Ingersoll was charged with (1) making false and misleading statements on his application materials; (2) making false and misleading statements during the investigation; and (3) using discriminatory language while on- and off-duty. *See* Dkt. No. 24-1.

Ingersoll's first amended complaint clarified his allegations of vagueness as to the charge that he lied on his application materials. According to Ingersoll, the statute of limitations under the Police Officer Bill of Rights ("POBOR"), Cal. Gov't Code §§ 3300 *et seq.*, had run because Langford was aware of his federal misdemeanor conviction, reviewed his application, and hired him anyways. [2] *See* FAC ¶¶ 11–16.

---

[2] In reply, Defendants argue that § 3304(d)(2)(C) applies to toll the POBOR statute of limitations here. *See* Dkt. No. 28 at 7. That statute permits a "*reasonable* extension" of the limitations period "for coordination of the involved agencies" in a "multijurisdictional investigation." Cal. Gov't Code § 3304(d)(2)(C) (emphasis added). Given that Ingersoll submitted his application in 2004, the Court doubts that § 3304(d)(2)(C) is particularly apt. Nonetheless, Ingersoll's due process claim still fails for the reasons described below.

4

These new factual allegations, however, are still insufficient to save Ingersoll's due process claim in its entirety. Ingersoll was also accused of using discriminatory language and racial epithets on- and off-duty. *See* Dkt. No. 24-2 at 5–6. Although some accusations in Defendants' notice to Ingersoll were vague, others were not. *See Cooper v. Bd. of Med. Exam'r*, 49 Cal. App. 3d 931, 942 (1975) ("[T]he liberal rules of administrative pleading require only that the respondent licensee be informed of the substance of the charge and afforded the basic, appropriate elements of procedural due process."); *see also Pac. Gas & Elec. Co. v. Pub. Utilities Comm'n*, 237 Cal. App. 4th 812, 859–63 (2015). For example, the notice accused Ingersoll of using racial epithets at a "recent Christmas party" in December 2016. *Id.* at 6; *see also* Dkt. No. 24-1 at 3. The notice also accused Ingersoll of having threatened an individual named Griswold—an accusation Ingersoll apparently admitted. *See* Dkt. No. 24-2 at 6. And finally, the notice also accused Ingersoll of making false statements during the administrative investigation, which took place in 2017. *See* FAC ¶¶ 19–21; *see also* Dkt. No. 24-2 at 6.

Likewise, Ingersoll has not alleged any new facts—aside from his allegations regarding Langford—that suggests the racial language and false statements accusations were barred by the statute of limitations under Cal. Gov't Code § 3304(d)(1). As the Court explained in its prior order, Ingersoll must allege facts suggesting that Pick or some other person authorized to initiate an investigation discovered the underlying misconduct prior to placing him on administrative leave. *See* Dkt. No. 21 at 7. He has not done so.

Accordingly, Ingersoll fails to state a § 1983 claim on a Fifth and Fourteenth Amendment due process theory.

### 2. First Amendment Retaliation

Ingersoll also argues that Defendants' actions violated his First Amendment right of political association. According to Ingersoll, some unnamed city councilman wanted to remove all city employees who were loyal to Langford. *See* FAC ¶ 28. Ingersoll relies solely on *Heffernan v. City of Paterson*, 578 U.S. ___, 136 S. Ct. 1412 (2016). *See* Dkt. No. 27 at 5–8.

5

In *Heffernan*, the Supreme Court explained that "the Constitution [generally] prohibits a government employer from discharging or demoting an employee because the employee supports a particular political candidate." *Heffernan*, 136 S. Ct. at 1417. Even when the employee did not in fact engage in protected political activity, the employer may still be liable under § 1983. *Id.* at 1416, 1418. Thus, "[w]hen an employer demotes an employee out of a desire to prevent the employee from engaging in political activity that the First Amendment protects, the employee is entitled to challenge that unlawful action under the First Amendment and 42 U.S.C. §1983—even if . . . the employer makes a factual mistake about the employee's behavior." *Id.* at 1418.

*Heffernan* suggests that Ingersoll does not need to allege that he was actually engaged in protected political activity. *See id.* But Ingersoll must still allege some facts that "plausibly suggest (not merely consistent with)" an improper motive to prevent him from engaging in protected political activity. *Twombly*, 550 U.S. at 557. Thus, at a minimum, Ingersoll must allege facts that plausibly suggests that Defendants thought he was engaging in political activity. In *Heffernan*, for example, a police officer was seen picking up a campaign sign for his bedridden mother. *Heffernan*, 136 S. Ct. at 1416. The officer was fired after being accused of "overt involvement" with the campaign. *Id.* But here, the sole allegation relating to Ingersoll's First Amendment retaliation claim is that:

> On information and belief, the decision to remove Mr. Ingersoll was demanded by a now former city councilman who was attempting to remove all persons from city employment perceived to have been loyal to the former Chief of Police, Langford, such as Mr. Ingersoll.

FAC ¶ 28. This single, conclusory allegation fails to drag Ingersoll's claim over "the line between possibility and plausibility." *Twombly*, 550 U.S. at 557.

Accordingly, the Court GRANTS Defendants' motion to dismiss Ingersoll's § 1983 claim. Because Ingersoll has made some progress in refining his claims, the Court will grant leave to amend. If, however, Ingersoll is still unable to state a claim on his second amended complaint, further dismissal will be without leave to amend.

6

### B. Breach of the Covenant of Good Faith and Fair Dealing

Cal. Gov't Code § 905 requires presentation of "all claims for money or damages against local public entities" prior to the start of litigation. Cal Gov't Code § 905; *see also City of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 734 (2007). Contract claims fall under this requirement. *Stockton*, 42 Cal. 4th at 738 (finding that "[c]ontract claims fall within the plain meaning of the requirement that 'all claims for money or damages' be presented to a local public entity"). "It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim." *Id.* (quoting *State of Cal. v. Super. Ct. (Bodde)*, 32 Cal. 4th 1234, 1239 (2004)).

In its prior order, the Court dismissed Ingersoll's breach of the covenant of good faith and fair dealing claim because he failed to allege that he satisfied § 905's claim presentment requirements. *See* Dkt. No. 21 at 8–9. Ingersoll has not fixed that deficiency.

In his first amended complaint, Ingersoll attached a letter purporting to present a timely claim. *See* FAC, Ex. A. That letter, however, contains no allegations relating to his breach of the covenant of good faith and fair dealing claim, or any other contract-related claim. *See id.* To satisfy § 905, claims presented to public entities must include "[a] general description of the indebtedness, obligation, injury, damage or loss incurred." Cal. Gov't Code § 910(d). And "[n]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented" until a claim has been brought and denied. *Stockton*, 42 Cal. 4th at 738 (quoting Cal. Gov't Code § 945.4). Because the claim presented by Ingersoll to Del Rey Oaks simply did not make any mention of a contract or the covenant of good faith and fair dealing, he fails to state a claim. *See Turner v. Cal.*, 232 Cal. App. 3d 883, 890–91 (1991) (claim not presented when "new allegations constitute a complete shift in theory from what the defendants are alleged to have done to cause plaintiff's injuries").

Ingersoll's reliance on *Phillips v. Desert Hospital District*, 49 Cal. 3d 699 (1989) is misplaced. In *Phillips*, the California Supreme Court considered whether a notice under Cal. Code Civ. Proc. § 364 constitutes a presented claim under Cal. Gov't Code § 905. *Id.*

7

at 708–11. The court also considered whether such notices trigger the counter-notice and defense waiver provisions under Cal. Gov't Code §§ 910.8, 911, and 911.3. *Id.* at 706–08. None of those provisions are applicable here.

In any case, a claim for breach of the covenant of good faith and fair dealing "depends upon the existence of a valid contract." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citing *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1392 (1990)). And "[i]n California, the terms and conditions of public employment are determined by law, not contract." *Hill v. City of Long Beach*, 33 Cal. App. 4th 1684, 1690 (1995). Ingersoll has not alleged the existence of a valid contract that controls the terms of his employment as a police officer. Thus, he cannot state a claim for breach of the covenant of good faith and fair dealing.

Because Ingersoll's factual pleadings contradict his claim, the Court GRANTS Defendants' motion to dismiss his claim for breach of the covenant of good faith and fair dealing without leave to amend.

## IV. Conclusion

The Court GRANTS Defendants' motion to dismiss. Ingersoll's claim under 42 U.S.C. § 1983 is dismissed with leave to amend. Ingersoll's claim for breach of the covenant of good faith and fair dealing is dismissed without leave to amend. If Ingersoll chooses to amend, he must file his amended complaint by **September 16, 2019**. The amended complaint must cure the deficiencies noted in this order or further dismissal will be without leave to amend. Ingersoll may not add new parties or claims without further leave of the Court.

**IT IS SO ORDERED.**

Dated: August 14, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge