UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROBERT INGERSOLL, <br> Plaintiff, <br> v. <br> CITY OF DEL REY OAKS, et al., <br> Defendants. | Case No. 19-cv-01164-NC <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. No. 39 |

Defendants City of Del Rey Oaks and Dino Pick move to dismiss plaintiff Robert Ingersoll's second amended complaint alleging that Defendants violated his civil rights when they fired him from his position as a police officer. *See* Dkt. No. 39. Because Ingersoll's second amended complaint makes no meaningful changes to his prior complaint, the Court GRANTS Defendants' motion to dismiss without leave to amend.

**I.  New Allegations in the Second Amended Complaint**

Because the parties are familiar with majority of Ingersoll's allegations and prior orders have previously recounted the facts of this case in greater detail (*see* Dkt. Nos. 21, 30), the Court focuses its discussion below to Ingersoll's new factual allegations.

In 2004, Ingersoll was invited by then-Chief of Police Ron Langford to apply for a position as a police officer with the Del Rey Oaks Police Department. *See* Dkt. No. 32 ("SAC") ¶ 11. Langford was aware that Ingersoll had been fired from his previous

employment as a police officer with the Seaside Police Department because of his federal misdemeanor conviction. *Id.* ¶¶ 10, 12. That conviction had been publicized by local media. *Id.* ¶ 14.

Ingersoll was placed on administrative leave in 2017 pending an administrative investigation into allegations of work misconduct. *See id.* ¶ 21; *see also* Dkt. No. 39-3.[1] During that investigation, Del Rey Oaks failed to interview relevant witnesses including Langford and a Seaside police commander, Chris Veloz. *See* SAC ¶¶ 23–24. Ingersoll was fired in March 2018. *See id.* ¶ 32. The decision to fire Ingersoll was demanded and orchestrated by then-councilman and mayor Edelen. *See id.* ¶ 31.

## II. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Docket Number 39-3 is a "Notice of Intent to Terminate Employment" sent to Ingersoll by Pick. The Notice details the misconduct allegations against Ingersoll, which includes making false statements on his employment application, making false statements during the administrative investigation, and using racial epithets while on- and off-duty. *See* Dkt. No. 39-3. The Court previously took judicial notice of the document because Ingersoll's complaint "necessarily relies" on the document. *See* Dkt. No. 30 at 2 n.1 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

## III. Discussion

In a § 1983 action, a municipality is liable where the alleged action implements a municipal policy or custom in violation of constitutional rights. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 (1978). "Under *Monell*, municipalities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a final policymaker." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (quotations omitted).

In the Court's prior orders, the Court held that Pick was a final policymaker for *Monell* purposes (*see* Dkt. No. 21 at 5), but that Ingersoll failed to allege any underlying constitutional violation. Ingersoll's amendments do not cure the deficiencies in his prior complaints.

First, Ingersoll's second amended complaint provides additional detail as to his misdemeanor conviction while working with the Seaside Police Department (*see* SAC ¶ 14) and Langford's knowledge of that conviction (*see id.* ¶¶ 10–12). The complaint also identifies another witness with knowledge regarding his conviction that Del Rey Oaks failed to interview during their investigation. *See id.* ¶ 23–24. None of these allegations, however, address the fact that Defendants did not fire him solely because of his prior misdemeanor conviction. Rather, Defendants fired Ingersoll because he also made false statements during the administrative investigation and he "regularly and consistently utter[ing] racial epithets to citizens and fellow officers and employees." Dkt. No. 39-3.

Nor do these allegations suggest that the administrative charges against him were vague. Contrary to his allegations, the Notice identified several specific incidents of misconduct and identified potential witnesses to those incidents. *See id.* at 5–6.

Next, Ingersoll adds only one additional allegation related to his First Amendment claim. Ingersoll now identifies councilmember and Mayor Edelen as the individual who orchestrated his termination. *See* SAC ¶ 31. But Ingersoll again fails to allege any facts that plausibly suggests that Defendants thought he was engaging in political activity.

3

As the Court previously explained, although Ingersoll may not need to allege that he was actually engaged in protected political activity under *Heffernan v. City of Paterson*, 578 U.S. \_\_\_, 136 S. Ct. 1412, 1418 (2016), he must still allege facts that plausibly suggest that Defendants had an improper motive for firing him under *Twombley* and *Iqbal*. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (quotation marks omitted and alterations in original). Ingersoll only offers conclusory allegations that "Langford and his . . . supporters were not supporting [Mayor Edelen's] re-election" and that Edelen was attempting to "push out of the city government the city employees he viewed as politically disloyal, including but not limited to Langford." SAC ¶ 31. The second amended complaint contains no facts to support those conclusions. Ingersoll does not allege, for example, any facts plausibly suggesting that Defendants believed that he was Langford's supporter and that they fired him because of it. *See, e.g.*, *Heffernan*, 136 S. Ct. at 1416 (the plaintiff was seen with a "sign in hand, talking to campaign workers"); *see also Peterson v. Farrow*, No. 15-cv-00801-JAM, 2016 WL 3653440, at *7 (E.D. Cal. July 7, 2016) ("[I]n order for [the plaintiff's] claim against [the defendant] to survive, [the plaintiff] must still demonstrate the requisite causal connection between his perceived expressive association and the citations that were issued to him by [the defendant]."). Nor does Ingersoll allege any facts substantiating his allegation that Edelen was purging the Del Rey Oaks government of "politically disloyal" employees.

Accordingly, the Court GRANTS Defendants' motion to dismiss Ingersoll's § 1983 claims. Because Ingersoll has failed to allege sufficient facts after three attempts, further amendment would be futile. Thus, dismissal is without leave to amend.

**IV. Conclusion**

The Court GRANTS Defendants' motion to dismiss Ingersoll's second amended complaint without leave to amend. Because no claims remain, the Court will enter judgment in favor of Defendants and against Ingersoll.

4

**IT IS SO ORDERED.**

Dated: November 22, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge